STATE ex BRICKER, Atty Gen, Etc v
AMERICAN INSURANCE UNION

Ohio Appeals, 2nd Dist, Franklin Co

No 2326. Decided Dec 29, 1933

Phil H. Bradford, Columbus, and Hugh Bennett, Columbus, for receivers for The American Insurance Union.

Stewart Hoover (Hedges, Hoover & Tingley), Columbus, for The Commercial Radio Service Company.

## OPINION

By HORNBECK, PJ.

Submitted on application of receivers for instructions relative to an assignment to a prospective purchaser of the rights of The American Insurance Union under a contract between it and The Commercial Radio Service Company.

The matter was presented orally and it is contended by counsel for The Commercial Radio Service Company that the contract is personal in its nature and that there is no right in the receivers, acting for and on behalf of The American Insurance Union, to assign it to a third person. It is a claim of the receivers that the contract is assignable, being silent on the question of assignment, and because of a certain letter written by the President of The Commercial Radio Service Company to Judge C. S. Younger, President of the American Insurance Union of date October 18, 1932, the company has waived any right to object to the assignment. The subject matter of the contract is certain time over the broadcasting system of The Commercial Radio Service Company.

We have examined the question presented and are of opinion that the contract should be construed so as to accord to the receivers' representative of The American Insurance Union the greatest latitude which its terms will permit. There is no provision

470

in the contract against an assignment and in this situation, as we understand it, ordinarily contracts are construed so as to give the parties thereto the right to assign or sub-let. 3 O. Jur., 246; 4 Page on Contracts (2nd Sec.) §2243; 5 C. J., 874.

Counsel for The Commercial Radio Service Company cites and relies upon the **Starchroom Publishing Company v Threlkeld Engraving Company, 13 Oh Ap, 281.** The court there held that upon a contract whereby the Publishing Company, as part payment for material purchased of the Engraving Company, agreed to provide advertising space for the Engraving Company "to be taken and used by the plaintiff" in a laundry journal published by the Starchroom Publishing Company. Later the Engraving Company undertook to assign its rights under the contract and it was held "such contract was personal in its nature and not assignable." The court in its determination commented upon and gave much consideration to the language in the contract "to be taken and used by the plaintiff," which it said "would seem to be a contract in which the personality of the advertiser is material to the contract." It is true that it may have been contemplated by the parties when the contract was entered into that the subject of the broadcast would be insurance but no such restriction was carried into the contract nor do we feel at liberty to so restrict it in view of the silence of the contract. Nor do we find, upon the letter of the contract, nor from the contracting parties, nor from the subject matter that it is a personal contract as such a contract is commonly understood. We do not believe that the letter written to Mr. Younger would constitute a waiver of the rights of The Commercial Radio Service Company because it related to an assignment to another party and the mere fact that the Radio Service Company may have been willing to yield its rights in one instance should not bind it when later a different situation arose, wherein there was a different assignee.

Upon the whole, we believe that the application of the receivers for authority to sell the time of The American Insurance Union, under the contract in question, should be granted and it will be done. Exceptions may be noted on behalf of The Commercial Radio Service Company if desired.

KUNKLE and BARNES, JJ, concur.